## OLIVE JOHNSON
### vs.
## THE CITY OF NEW HAVEN

Superior Court     New Haven County     File #49256

Present: Hon. NEWELL JENNINGS, Judge.

FitzGerald, Foote & FitzGerald, Attorneys for the Plaintiff.

Corporation Counsel,       Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 6, 1936.

JENNINGS, J. The plaintiff was injured through no fault of her own by a fall on an icy sidewalk on Whalley Avenue in New Haven. Her injuries appeared to be of a serious if not permanent character.

The accident occurred the 23rd of January, 1935, between five and six o'clock in the afternoon. January of 1935 appears from the weather reports, as well as from my personal recollection, to have been one of the worst winter months we have experienced for a long while. There was plenty of cold, rain, sleet and snow throughout the month. There

was rain and sleet on the 20th, 21st and 22nd. On the 23rd, the date of the accident, a light snow started at 9:48 A. M. and changed to a heavy moist snow at 2 .P. M., continuing until late evening. During the twenty-four hours 10.2 inches of snow fell, as heavy a storm as we have hereabouts. The maximum and minimum temperatures for the days mentioned were:

| January | 20 | 37 | 19 |
| " | 21 | 36 | 32 |
| " | 22 | 40 | 25 |
| " | 23 | 27 | 16 |

This story of the weather makes about as bad a picture from both the pedestrian's and the City's standpoint as can well be imagined.

It is the duty of the City under the statute to maintain its streets in a reasonably safe condition for public travel and under the statutes in force at the time of this accident, this duty included that of taking care of snow and ice con-ditions. The uncontradicted evidence disclosed that two competent men were employed to care for the rather limited amount of City property in this vicinity, including West Rock Park and Beecher Park, the latter being the place where the accident occurred. Their records showed that they were constantly at work clearing walks and sanding during this period and the fact that they were apparently unable to keep up with the change of temperature and precipitation is not, in my opinion, sufficient under the evidence to make the City liable. The evidence disclosed that the City has three hun-dred and twenty-five miles of sidewalk to care for and I find that the provisions they made for caring for the sidewalks under their own control in this vicinity was a reasonable com-pliance with their statutory duty. Although repeated at-tempts were made to get witnesses to testify as to the condi-tion of this walk before the accident, very little was accom-plished along this line and the only fair inference is that it was kept as safe as the exigencies of the situation permitted.

This is a hard case to decide for the defendant for the reason that the plaintiff, as I have already said, was without fault and has not only suffered painful and serious injuries, but has incurred special damages exceeding One Thousand

Dollars. For the reasons stated, however, I find that judg-ment should be entered for the defendant.

Judgment for the defendant.