[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS COMPLAINT AND MOTION TO DISMISS CROSS-CLAIM
The plaintiff, David Bourquin, Administrator of the Estate of his wife, Gayle L. Bourquin, filed a five-count complaint on June 2, 1988 against B. Braun Melsungen, AG (Braun Melsungen), a German corporation, Tri Hawk International (Tri Hawk), a Canadian corporation, Saint Francis Hospital and Medical Center (Saint Francis), Stephen C. Lange, M.D., seeking damages for the illness and death of Gail Bourquin, which allegedly occurred as a result of the use of Lyodura, human dura mater tissue, in the course of brain surgery performed upon her in 1985. CT Page 5039
The plaintiff alleged in the first count of his complaint that Braun Melsungen processed and marketed Lyodura and is liable and legally responsible for the injuries, losses and death of his wife pursuant to General Statutes52-572m et seq. (Products Liability Act). The plaintiff alleged in the second count of his complaint that Tri Hawk distributed and sold Lyodura and is liable and legally responsible for the injuries, losses and death of his wife pursuant to General Statutes 52-572m et seq.
In the third and fourth counts, the plaintiff alleged that his wife's illness and death were caused by the negligence of Saint Francis and Lange, respectively. The plaintiff alleged in the fifth count that the acts and conduct of Braun Melsungen and Tri Hawk constituted unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110b et seq.
On June 8, 1988, Braun Melsungen filed an appearance. On June 9, 1988, Tri Hawk filed an appearance. On June 30, 1988, Braun Melsungen filed a timely motion to dismiss on the grounds of "lack of jurisdiction, insufficiency of process and insufficiency of service of process" because the plaintiff failed to serve the company in accordance with the requirements of the "Hague Service Convention", a treaty signed by both Germany and the United States which established a uniform procedure for service of process in civil actions in foreign countries. The court, Hennessey, J., granted the motion to dismiss the action as against Braun Melsungen by order and memorandum of decision dated September 13, 1988.
By papers dated June 30, 1988 and marked July 7, 1988, but officially file-stamped July 14, 1988 by the court, thirty-five days after its appearance was filed, the defendant Tri Hawk filed a motion to dismiss the action as against Tri Hawk on the ground that this court lacks personal jurisdiction over it. The plaintiff filed a memorandum of law in opposition to Tri Hawk's motion on August 2, 1988. This motion to dismiss has been pending since 1988, and both the plaintiff and Tri Hawk have conducted extensive discovery regarding the issue of personal jurisdiction over Tri Hawk, while the remainder of the case has progressed.
On May 18, 1989 and September 20, 1989, the plaintiff filed revised complaints containing essentially the same allegations against Tri Hawk. On March 4, 1991, the defendant Saint Francis filed an "Answer and Cross Claim to CT Page 5040 Revised Complaint dated September 18, 1990." In its five-count cross-claim, which is directed to Tri Hawk, Saint Francis alleges, in the first two counts, indemnification based upon active/passive negligence and contribution, respectively. In the third count Saint Francis alleges an indemnification claim based upon the Products Liability Act. In the fourth and fifth counts, Saint Francis seeks indemnification on the grounds that Tri Hawk breached its express and implied warranties under Connecticut's version of the Uniform Commercial Code.
On March 20, 1991, Tri Hawk filed a motion to dismiss the cross-claim on the ground that the court lacks personal jurisdiction over it for the same reasons stated in its pending motion to dismiss the complaint. On June 4, 1991, Saint Francis filed a memorandum in opposition to Tri Hawk's motion. These parties have also conducted extensive discovery on the issue of personal jurisdiction since the filing of Tri Hawk's motion to dismiss the cross-claim.
The parties to the motions to dismiss have filed numerous documents and supplemental memoranda in support of their respective positions. Both Tri Hawk's motion to dismiss the complaint and its motion to dismiss the cross-claim are now before this court.
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book 142; see Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). A motion to dismiss shall be used to assert a lack of jurisdiction over the person. Practice Book 143.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book 142. "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142." Practice Book 144; see Reither v. Amity Bank, 4 CSCR 171, 172 (January 9, 1989, Corradino, J.); Tianti v. Nine to Five, Inc.,1 Conn. L. Rptr. 646 (May 22, 1990, Barry, J.).
Unlike subject matter jurisdiction, personal jurisdiction may be created through consent or waiver. United States Trust Co. v. Bohart, 197 Conn. 34, 39, 495 A.2d 1034
(1985); see Insurance Corporation of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 702-05, 102 S.Ct. 2099, 72 L.Ed.2d CT Page 5041 492 (1982).
In Insurance Corporation of Ireland, the court stated:
 The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty . . . . Thus, the test for personal jurisdiction requires that "the maintenance of the suit . . . not offend `traditional motions of fair play and substantial justice."' International Shoe v. Washington, 326 U.S. 310, 316 (1945), quoting Milliken v. Meyers, 311 U.S. 457, 463 (1940).
(Footnote omitted). Insurance Corporation of Ireland v. Compagnie des Bauxites, supra, 702-03.
 Because the requirements of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived . . . [Unlike subject matter jurisdiction, which even an appellate court may review sua sponte, under Rule 12(h), Fed. Rules Civ. Proc., "a defense of lack of jurisdiction over the person . . . is waived" if not timely raised in the answer or a responsive pleading.
(Citations omitted). Id., 703-04.
The court in Insurance Corporation of Ireland concluded that:
 In sum, the requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue. These characteristics portray it for what it is a legal right protecting the individual. The plaintiff's demonstration of certain historical facts may make clear to the court that it has personal jurisdiction over the defendant as a matter of law . . . but this is not the only way in which the personal jurisdiction of the court may arise. The CT Page 5042 actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not. The expression of legal rights is often subject to certain procedural rules: The failure to follow those rules may well result in a curtailment of the rights. Thus, the failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection.
Id., 704-05.
Similarly, under the Connecticut rule of practice, a failure to file a motion to dismiss within thirty days of the filing of an appearance also constitutes a waiver of any objection to the jurisdiction of the court over the defendant's person. See Practice Book 142, 144.
Tri Hawk's motion to dismiss, although dated June 30, 1988 and marked with a date of July 7, 1988 from an ink stamp of unknown origin, was not officially file-stamped by the court until July 14, 1988, thirty-five days after the filing of its appearance. Therefore, because its motion was not filed within thirty days pursuant to Practice Book 142 and 144, Tri Hawk has waived its claim of lack of jurisdiction over its person. Since Tri Hawk has waived its claim of lack of personal jurisdiction in the original action, Tri Hawk is also deemed to have waived any claim of lack of personal jurisdiction in relation to Saint Francis' cross-claim, which arises from the same set of facts as the original action.
The court deems Tri Hawk's objection to the court's assertion of personal jurisdiction over it waived despite the fact that neither the plaintiff nor Saint Francis raised the timeliness issue. The Practice Book contains no language requiring the plaintiff to raise the timeliness of the motion to dismiss in his memorandum in opposition but rather states that any claim of lack of personal jurisdiction "is waived" if not timely raised by the defendant. See Practice Book 144.
We conclude that this court may properly exercise personal jurisdiction over Tri Hawk. Accordingly, Tri Hawk's motions to dismiss the complaint and cross-claim are denied.
HENNESSEY, J. CT Page 5043